22664

Harold F. BAILEY, Respondent v. COVIL CORPORATION or Daniel Construction Corporation or Metric Constructors, Employers, and South Carolina Insurance Company or Fidelity and Guaranty Insurance Underwriters or Travelers Insurance Company, Defendants, Of Whom Covil Corporation, South Carolina Insurance Company, Metric Constructors and Travelers Insurance Company are, Appellants.

(354 S. E. (2d) 35)

Supreme Court

*Duke K. McCall, Jr.* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellants Covil Corp.* and *S. C. Ins. Co.*

*Ernest J. Nauful, Jr.* of *Nauful & Ellis, P.A.,* Columbia, *for appellants Metric Constructors* and *Travelers Ins. Co.*

*Miles Loadholt, Jane Matthews* of *Blatt & Fales,* Barnwell, *for respondent.*

*William E. Shaughnessy* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for defendants Daniel Const. Corp., Fidelity and Guar. Ins. Underwriters* and *Travelers Ins. Co.*

Heard Dec. 9, 1986.

Decided Feb. 2, 1987.

GREGORY, Justice:

This is a worker's compensation case. The Hearing Commissioner denied respondent's (Employee's) claim and the Commission affirmed the denial. On appeal the Circuit Court reversed the Commission's order and remanded the case for a hearing on the merits. We affirm.

Employee filed this claim to recover benefits for total disability caused by pulmonary asbestosis allegedly contracted as a result of his on-the-job exposure to asbestos. Appellants (Employers) contend the claim was not timely filed. We disagree.

Employee was definitively diagnosed and informed in August 1979 that he was suffering from pulmonary asbestosis. His physician, however, was unsure of the degree of functional impairment resulting from the disease. Employee, in fact, continued to work until June 9, 1983, when he became totally disabled. This claim was filed on June 10, 1983.

A claim for total disability benefits arising from an occupational disease must be filed within two years after the claimant has received notice of a definitive diagnosis of the disease and has become totally disabled. *See White v. Orr-Lyons Mills*, 287 S. C. 174, 336 S. E. (2d) 467 (1985); *Drake v. Raybestos-Manhattan, Inc.*, 241 S. C. 116, 127 S. E. (2d) 288 (1962); *Hanks v. Blair Mills, Inc.*, 286 S. C. 378, 335 S. E. (2d) 91 (Ct. App. 1985); S. C. Code Ann. § 42-15-40 (1985). The latter of these two events did not occur until Employee became totally disabled on June 9, 1983, thereby commencing the two-year period for filing. The Circuit Court properly ruled that the filing on June 10, 1983, was timely.

Employers also contend that Employee did not give timely notice of his claim. An employee must give notice of an occupational disease claim within ninety days after the date he becomes disabled and could discover with reasonable diligence that his condition is compensable. *White, supra; Drake, supra; Hanks, supra;* S. C. Code Ann. § 42-15-20 (1985). The filing of the claim in this case within ninety days of the date of disability satisfied the requirement of timely notice.

Finally, Employers contend the Circuit Court's order should be reversed because the record contains substantial evidence to support the Commission's finding that Employee was not injuriously exposed to asbestos. The Circuit Court did not address this factual finding but reversed solely on the ground the claim was timely noticed and filed. It appears from the record that Employers did not raise this issue to the Circuit Court as a ground upon which the Commission's order could have been affirmed, nor did they move to amend the Circuit Court's order for failure to consider it. *See* Rule 59(e), SCRCP. Employers therefore cannot raise the issue on appeal to this Court. *Talley v. South Carolina Higher Education Tuition Grants Committee*, 289 S. C. 483, 347 S. E. (2d) 99 (1986).

Accordingly, the judgment of the Circuit Court is

Affirmed.

CHANDLER and FINNEY, JJ., concur.

NESS, C. J., and HARWELL, J., not participating.