1410

Charles Douglas McCOLLUM, Employee, Respondent v.
SINGER COMPANY, Employer, Appellant.

(386 S. E. (2d) 471)

Court of Appeals

*G. Edward Welmaker*, of *Acker, Acker, Floyd & Welmaker*, Pickens, *for appellant.*

*C. Ben Bowen* and *Linda B. McKenzie*, Greenville, *for respondent.*

Heard Oct. 11, 1989.

Decided Nov. 6, 1989.

*Per Curiam:*

This is a workers' compensation case. The Hearing Commissioner found the claimant, Charles Douglas McCollum, sustained a 35 percent impairment to his back, a 20 percent impairment to his stomach and a 15 percent impairment to his leg. The Full Commission reversed, finding the claimant totally disabled. Singer Company, employer, appealed to the

Circuit Court which affirmed the Full Commission. We affirm the Circuit Court decision.

## ISSUES

I. Does the record provide substantial evidence to support a finding that the claimant is totally disabled and unemployable?

II. Did the Circuit Court abuse its discretion by not referring claimant to a pain specialist prior to affirming the finding of total and permanent disability?

III. Does the record provide substantial evidence to support a finding that the compensable injury aggravated a preexisting injury?

## FACTS

The claimant is a fifty year old man with a seventh grade formal education. He has worked for Singer for nearly thirty years. His work involved the operation of a grinding machine. This required lifting, stooping, bending, pushing and pulling weights up to eighty (80) pounds. In addition to his work with Singer, claimant has worked as a barber, owned and operated a trailer park and car wash, managed rental property and sold automobiles. On August 15, 1984, while lifting a tray of parts, claimant suffered an injury. Claimant continued to work for approximately sixteen weeks in late 1984 and early 1985. Since then claimant maintains he has been unable to work.

In October of 1985, Dr. Otis Ballenger, a neurosurgeon, performed a laminectomy on claimant's back. In addition to Dr. Ballenger, claimant has been treated at various times by Drs. W. W. Francis, general practitioner; John Evans, orthopedic surgeon; Roland Knight, orthopedic surgeon; Jeffrey Lawson, rheumatologist and James McCarthy, orthopedist, for his injury. Claimant now uses a TENS unit, wears a back brace and takes numerous medications for pain, nerves and gastrointestinal problems resultant of his injury. Claimant testified that on several occasions he has tried to perform tasks similar to those he performed prior to his accident, but with no success.

The Hearing Commissioner found the claimant had sustained a 35 percent impairment to his back, a 20 percent

impairment to his stomach and a 15 percent impairment to his leg. He awarded benefits accordingly, yet found the claimant was employable. The Full Commission reversed the Hearing Commissioner, finding the claimant had sustained a total loss of earning capacity and was entitled to permanent and total disability pursuant to Section 42-9-10 of the Workers' Compensation Act and medical care and treatment for life pursuant to Section 42-15-60 of the same Act. The Full Commission further found that on September 2, 1987, the employee attained maximum medical recovery. On appeal the Circuit Court affirmed the Full Commission and this appeal follows.

## DISCUSSION

By way of review, the Full Commission, not this Court, is the fact finder. It is not within our province to reverse findings supported by substantial evidence. *Hunter v. Patrick Construction Company*, 289 S. C. 46, 344 S. E. (2d) 613 (1986). The only issue addressable by this Court is, quite simply, whether the record provides substantial evidence to support the findings of the Full Commission. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981). Counsel for the appellant, in his brief, acknowledges the above-stated standard of review but asserts a close inspection of the record will necessarily result in reversal of the Circuit Court. We do not agree.

The Full Commission, based on a full evaluation and review of all the evidence, found the claimant suffered a permanent and total disability resultant of the injury to his back. Furthermore, the initial back injury resulted in an ulcer and damage to the claimant's leg. Consequently, the claimant sustained a total loss of earning capacity. Appellant asserts the record does not contain substantial evidence to support a finding that the claimant is totally disabled. We agree with the Full Commission.

Since his injury on April 14, 1984, claimant has been treated by numerous physicians. As noted above, a laminectomy was performed in October of 1985. Thereafter, due to continuing pain in his back and legs, claimant was referred to Dr. Lawson, a rheumatologist. He was also seen by Dr. Francis, his family physician. Per Dr. Lawson's recommen-

dation, a TENS unit was prescribed as well as medication for nerve and gastrointestinal problems. Claimant continues to wear a back brace and takes substantial amounts of medication. In March 1987, Dr. Francis found claimant to have continued pain and limitations of motion in his back. Claimant was also evaluated by Dr. McCarthy who opined claimant had a 60 percent impairment of his spine and knew of nothing more that could be done for him. Claimant testified to continuing problems with his back, legs and stomach. He testified he could no longer do what he once could, i.e., cut hair, maintain trailers, etc.

Dr. Benson Hecker, a vocational expert, testified that a person in claimant's position would be unemployable. At this point it is appropriate to note a degree of verbal dueling commenced between the Hearing Commissioner and Dr. Hecker on the question of employability. A question arose as to whether employability meant the ability to be hired or the ability to actually perform the work. Under Workers' Compensation Law "total disability" does not require complete, abject helplessness. Rather it is an inability to perform services other than those that are so limited in quality, dependability, or quantity that no reasonably stable market exists for them. *Coleman v. Quality Concrete Products, Inc.*, 245 S. C. 625, 142 S. E. (2d) 43 (1965). Evidence that the claimant has been able to earn occasional wages or perform certain kinds of gainful work does not necessarily rule out a finding of total disability or require that it be reduced to partial. *Colvin v. E. I. DuPont de Nemours Company*, 227 S. C. 465, 88 S. E. (2d) 581 (1955). In an effort to discount his disability, appellant's brief provides a litany of acts the claimant can pursue. Among these acts are the claimant's ability to drive a car for an hour, walk for ten minutes and go shopping. While claimant's ability to drive, walk and shop may effectively establish that he is not helpless, they do nothing to dissuade our view that there is substantial evidence, medical and otherwise, to establish this claimant's total and permanent disability. Since claimant is found to be totally and permanently disabled, he need not show or prove lack of earning capacity. Rather it is presumed. *See* Section 42-9-30(19) Code of Laws of south Carolina (1976). *See also Bateman v. Town & Country Fur-*

*niture Co.*, 287 S. C. 158, 336 S. E. (2d) 890 (Ct. App. 1985).

■ Appellant next asserts the trial judge erred in determining the claimant attained maximum medical recovery on September 2, 1987, without considering the need for referral to pain specialists for additional treatment. It should be noted that not only did the trial judge determine the claimant reached maximum medical improvement on September 2, 1987, but so did the Hearing Commissioner. Appellant took no exception to this finding of fact by the Hearing Commissioner. Section 42-15-80, Code of Laws of South Carolina (1976) requires an injured employee to submit to further examination and treatment upon the request of an employer or the Workers' Compensation Commission. The record is devoid of any request by the employer for such a referral. Appellant's counsel articulately observes "the Hearing Commissioner, who had better insight into the particular claim by his observations and inquiries, should be given the highest consideration." Assuming such, the Hearing Commissioner found the claimant reached maximum medical improvement on September 2, 1987. No exception was taken to this fact finding. Accordingly, we find no abuse in discretion on behalf of the Full Commission or trial court in not referring claimant to a pain specialist. Furthermore, since we held the claimant is totally and permanently disabled, any error attendant to the refusal to refer claimant to a pain specialist is not prejudicial and hence harmless.

■ Finally, appellant asserts the trial court committed error in affirming the Full Commission's finding that the claimant "aggravated a preexisting degenerative disc disease and arthritis in his back and injured his back and leg which has resulted in an ulcer and caused him to suffer with a nervous condition that requires medication and treatment." The medical records that could either confirm or refute this assertion are not part of the record before this court. Nonetheless, for the purposes of this appeal, we do not need to decide whether claimant had a preexisting condition. It has been established with substantial evidence that claimant suffered a work related injury resulting in his total and permanent disability. Stated differently, if the Full Commission found that the claimant aggravated a preexisting injury and if this finding was not

supported by the medical evidence, it is nonetheless harmless error. An error is not reversible unless prejudice to the complaining party has resulted therefrom. *JKT Co., Inc. v. Hardwick*, 274 S. C. 413, 265 S. E. (2d) 510 (1980), appeal after remand 284 S. C. 10, 325 S. E. (2d) 329 (Ct. App. 1984). Assuming *arguendo* the Full Commission's finding of a preexisting condition was error, we hold it is harmless error and not sufficient for reversal. However, in a situation where the existence or nonexistence of a preexisting condition is important, we recommend the appellant use extraordinary caution in insuring our record is complete for review.

## CONCLUSION

It is our opinion the record contains sufficient evidence to support the Full Commission and Circuit Court decisions finding the claimant totally disabled. The medical records and testimony of health care specalists coupled with the claimant's own testimony provide the impetus for our decision. Furthermore, the trial court did not abuse its discretion by not referring claimant to a pain specialist. Finally, whether or not claimant suffered from a preexisting back condition is not necessary to our decision and we do not reach it. We therefore affirm the decision of the Circuit Court.

Affirmed.