1790

Bobbie SOLOMON, Appellant v. W.B. EASTON, INC., and Westchester Fire Insurance Company, Respondents.

(415 S.E. (2d) 841)

Court of Appeals

*Charles E. Houston, Jr.,* Hilton Head, *for appellant.*

*Michael H. Montgomery* and *Frank S. Potts,* Columbia, for respondents.

Heard Feb. 19, 1992.

Decided March 16, 1992.

*Per Curiam:*

This is a workers' compensation case. The single commissioner found Solomon suffered a compensable injury to his back and a hernia. The commissioner found the hernia had been repaired and Solomon suffered no permanent impairment from the hernia. The commissioner also found Solomon had reached maximum medical improvement regarding his back injury and had sustained a permanent partial disability to his back of fifteen percent. Solomon appealed and the full commission and circuit court affirmed. Solomon appeals the circuit court's order. We affirm.

In August 1987, the single commissioner found Solomon suffered a compensable accident which injured his back and caused a hernia. This order provided for payment of temporary total disability benefits and was affirmed by the full commission in January 1988. No appeal was taken from the full commission's ruling.

On March 22, 1988, Easton, Inc. filed an application to stop payment of benefits alleging Solomon had refused medical treatment. Solomon testified at the hearing about his condition, his disability, and his medical problems. He also stated he intended to undergo surgery. On July 11, 1988, the commissioner issued an order requiring Solomon to submit to his physician, Dr. H.J. Murphy, for medical treatment. The order also stated it would address all other issues if Solomon had not received medical treatment by the end of a forty-five-day period.

Dr. Murphy examined Solomon and determined he did not need additional medical treatment. Dr. Murphy concluded Solomon had reached maximum medical improvement from the hernia.[1] The single commissioner then issued an order finding Solomon had suffered partial loss of use of his back. The commissioner also found Solomon sustained a hernia which had been surgically repaired and there was no permanent impairment from the hernia. Based upon the testimony of one of Solomon's treating physicians that he suffered an approximate five percent impairment to his back, the commissioner awarded Solomon a fifteen percent disability to his back. The full commission and circuit court affirmed.

Solomon first claims the circuit court erred in affirming the commission's award of fifteen percent disability to the back and no award for the hernia injury because these awards are based on surmise and conjecture and are not supported by any substantial evidence. Solomon also asserts the commission failed to establish a date on which he reached maximum medical improvement. We sustain the order of the circuit court.

The commissioner found Solomon reached maximum medical improvement "on or about August 1, 1988, when he was released by Dr. Murphy." The statement of the case indicates: "During the forty-five day period provided in the Order [of July 11, 1988] Dr. Murphy determined Solomon was not in need of additional medical care and had reached maximum medical improvement." Dr. Holland testified he felt Solomon had reached maximum medical improvement, but that he would have pain from time to time. Dr. Holland rated Solomon's back impairment "somewhere around five percent." Dr. Bush also testified he released Solomon to full duty six weeks after his hernia operation.

On appeal, this court must affirm an award of the Workers' Compensation Commission in which the circuit court concurred if substantial evidence supports the findings. *Linen v. Ruscon Constr. Co.*, 286 S.C. 67, 332 S.E. (2d) 211 (1985). On review of a disability finding of the

---

[1] The record is unclear when this decision was made. It is inferable it was made on August 1, 1988.

commission, this court is limited to a determination of whether the commission's findings, inferences, conclusions, or decisions are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. *Hanks v. Blair Mills, Inc.*, 286 S.C. 378, 335 S.E. (2d) 91 (Ct. App. 1985). Where there are conflicts in the evidence, the findings of the commission are conclusive. *Holcombe v. Dan River Mills/Woodside Div.*, 286 S.C. 223, 333 S.E. (2d) 338 (Ct. App. 1985). We find substantial evidence in the record to support the date fixed by the commission on which Solomon reached maximum medical improvement and the disability rating awarded Solomon.

Solomon next argues the circuit court should have reversed the commission because it refused to admit into evidence the decision of the social Security Administration regarding its disability rating of Solomon.

We first note this issue was not raised in Solomon's exceptions to the circuit court. The circuit court did not rule on the issue and Solomon did not move pursuant to Rule 59, SCRCP, to amend the order for failure to consider it. *Bailey v. Covil Corp.*, 291 S.C. 417, 354 S.E. 92d) 35 (1987) (workers' compensation case). The issue is not preserved for appellate review. Additionally, awards and records of the Social Security Administration ordinarily cannot be relied upon to support or deny a workers' compensation claim. 2B Arthur Larson, *The Law of Workmen's Compensation*, Section 79.71(b) (1989); *Bingham v. Dyersburg Fabrics Co., Inc.*, 567 S.W. (2d) 169 (Tenn. 1978).

Solomon next argues the circuit court erred in affirming the order of the commission because the single commissioner closed the record without allowing him to testify, thus, denying him due process of law. This issue was not raised in Solomon's exceptions to the circuit court. It is not preserved for review. *Bailey*, 291 S.C. 417, 354 S.E. (2d) 35. Further, the record does not reveal the single commissioner closed the hearing without allowing Solomon to testify. Moreover, the commission is the factfinder in a workers' compensation case and has the authority to receive further evidence. S.C. Code Ann. Section 42-17-50 (1976). The record does not indicate Solomon attempted to present testimony to the commission.

Solomon also complains the commission failed to obtain the report of Dr. Murphy who treated him. Presumably, the report would have reflected on Solomon's disability. This issue was not raised in Solomon's exceptions to the circuit court and the court did not rule on it. It is not preserved for appellate review. *Bailey*, 291 S.C. 417, 354 S.E. (2d) 35. The record does contain what appear to be the handwritten notes of Dr. Murphy. If this constitutes Solomon's proffer of Dr. Murphy's report, we do not see how the report would have benefitted Solomon. Moreover, it was not the commission's responsibility to obtain Dr. Murphy's records. It was the duty of Solomon to support his appeal to the commission.

Finally, Solomon argues the circuit court committed error in holding only one of his three exceptions set forth a sufficient assignment of error. Solomon's first exception states the facts found by the commission were not supported by credible evidence. The second exception is the "decision of the commission failed to o address all the exceptions and points of law brought before the commission." The third exception is "upon such further exception as will hereafter be served." No additional exceptions were served or filed prior to the hearing before the circuit court.

We agree with the circuit court that the second and third exceptions are so vague they do not adequately specify grounds for appeal. A petition for review of the commission's rulings pursuant to the Administrative Procedures Act must direct the court's attention to the abuse allegedly committed below including a distinct and specific statement of the rulings of which the appellant complains. *Pringle v. Builders Transport*, 298 S.C. 494, 381 S.E. (2d) 731 (1989). The circuit court lacks jurisdiction of the appeal if the notice is insufficient. *Id.* Moreover, the policy of liberally allowing amendment of pleadings does not apply to amendment of a notice of appeal requested after the expiration of the thirty-day statutory period for filing the appeal. *Id.*

The order the circuit court is

Affirmed.