2159

Marvin STEPHENSON, Jr., Employee, Appellant v. RICE SERVICES, INC., Employer, and American Policyholders Insurance Company, Carrier, Respondents.

(442 S.E. (2d) 627)

Court of Appeals

*James E. Chaffin, Jr.,* Columbia, *for appellant.*

*Lana H. Sims, Jr.,* and *Andrew F. Lindemann,* Columbia, *for respondents.*

Heard Feb. 9, 1994.

Decided Mar. 21, 1994. Reh. Den. Apr. 29, 1994.

CURETON, Judge:

Claimant Marvin Stephenson appeals the denial of workers' compensation benefits and the finding of the Full Commission that his work-related injury did not aggravate his pre-existing condition because he was already totally disabled from this disorder prior to his accident. Stephenson appeals. We reverse and remand.

Stephenson filed a workers' compensation claim based on a work-related aggravation of his pre-existing posttraumatic stress disorder (PTSD). The injury which allegedly caused the aggravation of his PTSD occurred March 16, 1988, when Stephenson injured his back after he slipped and fell on a wet

loading dock while working at Fort Jackson for his employer, Rice Services, Inc.[1]

Several months prior to this accident, in August 1987, Stephenson was diagnosed by Dr. Doyle, a psychologist with the Veterans Administration (VA), as permanently and totally disabled because of PTSD. Nevertheless, at the time of the accident in March, 1988, Stephenson only had a 30% VA disability rating. Pursuant to Dr. Doyle's diagnosis, this rating was later retroactively elevated to a 100% disability for PTSD under VA standards.

Despite his disability, however, Stephenson was able to get a job working for Rice Services, Inc. supervising recruits in a mess hall at Fort Jackson. He also had a second part-time job pumping gas and sweeping up at a gas station near his home. Stephenson testified that prior to his accident, he was able to perform his work requirements satisfactorily. Stephenson's psychologist, Dr. Vander Kolk, further testified he received information indicating Stephenson was a good employee and carried out his assigned duties in a proper manner.

The single commissioner found Stephenson was entitled to total and permanent disability for aggravation of his pre-exciting PTSD, and awarded him 500 weeks of compensation, less the thirty-nine weeks of compensation previously awarded. The Full Commission reversed the commissioner, finding as follows:

> [Stephenson] was already permanently and totally disabled prior to his work-related accident on March 16, 1988. Thus, [Stephenson's] accident of March 16, 1988 did not aggravate the pre-existing post-traumatic stress disorder so as to render [Stephenson] unemployable.

The circuit court found there was substantial evidence to support the finding that Stephenson was totally disabled prior to his accident, and affirmed the Commission.

On appeal, Stephenson argues the Commission impermissibly relied upon the VA rating in denying his claim, and that the finding of total disability from PTSD prior to the accident was not otherwise supported by

---

[1] Stephenson received 39 weeks of compensation for the injury to his back, and Rice Services does not appeal the award of benefits for Stephenson's back injury.

substantial evidence. We agree that the Commission could not rely upon the VA rating to find Stephenson totally disabled. *See* 2B Arthur Larson, *The Law of Workmen's Compensation* § 79.71(b) ("Awards or records made in other proceedings . . . ordinarily cannot be relied on to support or deny a workers' compensation claim."); *see also Solomon v. W. B. Easton, Inc.,* 307 S.C 518, 521, 415 S.E. (2d) 841, 843 (Ct. App. 1992) (disability rating by Social Security Administration was likely not admissible in workers' compensation action).

As pointed out by the circuit court, Rice Services contends the disability rating given to stephenson by the VA was not the sole evidence relied upon by the Commission in concluding that Stephenson was already permanently and totally disabled prior to his accident on March 16, 1988. Rice Services maintains the disability rating given by the VA was merely *corroborating* evidence of Stephenson's condition. We agree that the Commission did not rely solely on the VA rating, but instead used the same medical evidence developed in the VA files.

Thus, excluding the VA rating from consideration, the issue becomes whether substantial evidence exists to support the Commission's finding that Stephenson was already permanently disabled prior to his work-related accident on March 16, 1988. *See Stokes v. First National Bank,* 306 S.C. 46, 410 S.E. (2d) 248 (1991); *Debruhl v. Kershaw Cty. Sheriff's Dept.,* 303 S.C. 20, 397 S.E. (2d) 782 (Ct. App. 1990) (the Commission's decision must be affirmed if the factual findings are supported by substantial evidence); *see also McGuffin v. Schlumberger-Sangamo,* 307 S.C. 184, 414 S.E. (2d) ("[s]ubstantial evidence is not a mere scintilla of evidence but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached").

Stephenson argues that since he was able to return to work and perform his job, he could not have been 100% permanently and totally disabled at the time of his accident.[2] Therefore, he contends, there is insubstantial evi-

---

[2] The rating for a prior disability does not necessarily establish the degree of disability at the time of a subsequent injury. Because of advances in modern medical treatment, the effects of the passage of time, and individual will, a 100% disability is often not an unalterable condition; and it is possible for an injured worker to reduce his disability. A worker who has once been adjudicated 100% permanently disabled, but thereafter returns to work and is again

dence to support the Commission's findings. Under the circumstances of this case, we agree.

According to the South Carolina Workers' Compensation Act (Act), "disability" is the incapacity because of injury, to earn, in the same or some other employment, the wages which the employee was receiving at the time of the injury. S.C. Code Ann. § 42-1-120 (Law. Co-op. 1985). "Total disability" does not require absolute helplessness or entire physical disability; instead, it is an inability to perform services other than those that are so limited in quality, dependability or quantity that no reasonable stable market exists for them. *McCollum v. Singer Co.*, 300 S.C 103, 386 S.E. (2d) 471 (Ct. App. 1989)

Furthermore, as stated in *Outlaw v. Johnson Service Co.*, 254 S.C. 486, 176 S.E (2d) 152 (1970), the loss of earning capacity alone is the criterion for compensation under the Act and medical opinion as to the extent of physical disability can have no probative value against actual earnings. The undisputed fact that Stephenson was able to resume gainful employment and satisfactorily performed his job negates the finding that on March 16, 1988 Stephenson had no earning capacity. The testimony of Stephenson's psychologist also provides evidence of Stephenson's earning capacity at the time of the accident. Although he had concluded before the injury that Stephenson was not a good candidate for placement, Dr. Vander Kolk testified that Stephenson was able to find a semi-competitive job that "met his particular needs and was in an environment where he could function."

We conclude on the record before us that there is no substantial evidence that Stephenson was 100% disabled at the time of the accident; both the Full Commission and the circuit court erred as a matter of law when they determined that Stephenson was 100% permanently and totally disabled when the accident occurred. We agree with the single commissioner

injured while working, is not precluded from receiving benefits for the loss of wages resulting from the subsequent injury's aggravation of his disability. *See Baxter v. L.T. Walls Construction Company*, 241 Kan. 588, 738 P. (2d) 445 (1987); *see also* 2 Arthur Larson, *The Law of Workmen's Compensation* § 59.42(g)(3) (1993) ("The capacities of a human being cannot be arbitrarily and finally divided and written off by percentages." If a disabled worker is able to resume gainful employment and is later injured, there is no reason why a disability which would bring anyone else total permanent disability benefits should yield him none).

that the inescapable fact remains that Stephenson was able to find not only one, but two jobs within his limitations and he was able to perform the duties of that employment up until his injury. Since that time, even that narrow window of employment has been closed to him because of the accident.

The evidence in this record does not indicate that Stephenson's position with Rice Services was so limited in quality, dependability, and quantity that no reasonable stable market existed for that employment. *McCollum, supra.* The record shows that Stephenson retained some earning capacity before his injury, and the accident and injury of March 16, 1988 aggravated his pre-existing PTSD rendering him totally and permanently disabled.

Accordingly, we reverse the judgment of the circuit court affirming the Order of the Full Commission and remand to the Commission for reconsideration consistent with this opinion.

Reversed and remanded.

HOWELL, C.J., and SHAW, J., concur.