514 S.E.2d 144

**Charles W. REESE, Claimant–Appellant,**

v.

**CCI CONSTRUCTION COMPANY, Employer–Respondent,**

**and**

**Gulf Insurance Company, Carrier–Respondent.**

**No. 2948.**

Court of Appeals of South Carolina.

Heard Dec. 10, 1998.

Decided Feb. 22, 1999.

Rehearing Denied May 8, 1999.

Donald E. Jonas, of Cotty & Jonas, of Columbia, for appellant.

William E. Shaughnessy, of Haynsworth, Marion, McKay & Guerard, of Greenville, for respondents.

HUFF, Judge:

In this workers' compensation case, Appellant, Charles Reese, filed a claim for benefits alleging he suffered an injury by accident and/or an occupational disease. Respondents, CCI Construction Company and Gulf Insurance Company (hereinafter collectively Employer), denied compensation. Reese appeals an order of the circuit court affirming the commission's denial of medical care and temporary total disability under the Workers' Compensation Act. We reverse and remand.

## FACTUAL/PROCEDURAL BACKGROUND

For more than twenty years, Charles Reese worked as a carpenter and construction worker. On Friday, May 6, 1994, his third day of work for CCI Construction as a lead carpenter, Reese was drilling a "double plate" when the power drill he was using became caught in a piece of wood and twisted his right wrist. Reese did not seek medical care that day, but applied ice to his wrist and wrapped it in a wrist band. The pain persisted, and on Monday, May 9, 1994, Reese went to the emergency room, where he was treated and referred to Dr. Patel, an orthopedic surgeon who specializes in hand and wrist injuries. Dr. Patel diagnosed Reese with aseptic necrosis of the carpal lunate, which is the degeneration of the lunate bone of the wrist caused by a lack of blood supply. Dr. Patel recommended a partial or total wrist fusion. Reese sought workers' compensation benefits, asserting he had suffered an accidental injury and/or an occupational disease. Employer denied the surgery and benefits, asserting Reese had not sustained a compensable injury by accident or compensable occupational disease.

Dr. Patel testified that while he could not say the occupation of carpentry or the use of a small power drill would play any role in developing aseptic necrosis of the lunate, this condition sometimes occurs among people who work with "very heavy vibratory tools" or "very, very high powered vibratory tools." He stated the repetitive action of swinging a hammer would most likely aggravate or worsen the underlying condition. He further testified that with a job history of being a carpenter over twenty years, the daily activities involved in that occupation would most likely aggravate a latent or dormant condition of avascular necrosis. Reese testified that in his twenty years of carpentry work, his tools of trade included hammers, skill saws, sanders, jackhammers, drills, sledgehammers, concrete vibrators, concrete cutting saws, and metal cutting saws.

The single commissioner concluded that: 1) Reese did not suffer a compensable injury by accident arising out of or in the course of employment; and 2) while Reese's condition qualified as an occupational disease, the evidence did not establish that it was caused, aggravated, or contributed to by his work at CCI.

Reese appealed to the full commission. The appellate panel affirmed the commissioner, adopting his decision by reference. Reese then appealed to the circuit court. The circuit court affirmed the commission. The circuit court also denied Reese's motion to alter or amend its verdict. Reese now appeals to this court.

## STANDARD OF REVIEW

The Administrative Procedures Act establishes the rule for judicial review of awards of the Workers' Compensation Commission. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981). The appellate court has the power upon review to reverse or modify a decision if the findings and conclusions of the administrative agency are affected by error of law, clearly erroneous in view of the reliable and substantial evidence on the whole record, or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. S.C.Code Ann. § 1-23-380(g) (1986).

## LAW/ANALYSIS

■ Reese first contends that because it was determined he suffered from an occupational disease, the commission erred in failing to find the drill twisting incident caused his disablement and in failing to award medical and temporary workers' compensation benefits. We agree.

The single commissioner found Reese's condition of aseptic necrosis was an occupational disease resulting from his use of vibratory and other tools as a carpenter for over twenty years. He further found, however, Reese's condition "did not result and was not aggravated" by his three days of employment with CCI and that Reese had failed to establish his condition was related to his work at CCI. He also found Reese did not suffer a compensable injury by accident arising out of and in the course of his employment. Accordingly, he denied Reese's claim.

Reese asserts he is entitled to compensation.because, under South Carolina law, the last employer and carrier is solely liable for an occupational disease where the disablement occurred during that employment. Reese likens his condition to carpal tunnel syndrome. To date, our courts have not decided whether repetitive trauma injury, like carpal tunnel syndrome,

is compensable, and if so, as an accident or an occupational disease. *Rodney v. Michelin Tire Corp.*, 320 S.C. 515, 466 S.E.2d 357 (1996). Although, in this appeal, Employer attempts to challenge the commissioner's finding of an occupational disease, Employer never appealed this ruling to either the appellate panel of the commission or the circuit court. Thus, right or wrong, it is the law of the case. *See Lindsay v. Lindsay*, 328 S.C. 329, 491 S.E.2d 583 (Ct.App.1997) (failure to challenge ruling is abandonment of issue and precludes consideration on appeal; unchallenged ruling, right or wrong, is the law of the case and requires affirmance).

In *Glenn v. Columbia Silica Sand Company*, 236 S.C. 13, 112 S.E.2d 711 (1960), our Supreme Court stated: "In the case of occupational disease, liability is most frequently assigned to the carrier who was on the risk when the disease resulted in disability, *if the employment at the time of the disability was of a kind contributing to the disease.*" (emphasis added). The court further noted where the employment at the time of the disability was not of a kind contributing to the disease, liability for compensation generally falls on the employer and carrier at the time of the employee's last exposure causally related to the disease. 236 S.C. at 19–20, 112 S.E.2d at 714.

The single commissioner found Reese's condition of aseptic necrosis was an occupational disease resulting from Reese's use of vibratory and other tools as a carpenter for over twenty years. Although the commissioner found Reese's condition was not caused, aggravated, or contributed to by his work at CCI, the record clearly shows Reese was engaged in the same type of work with CCI as that which he had performed during his twenty years as a carpenter. Thus, the evidence shows that Reese's employment at CCI was of a kind contributing to the disease.

Employer points to the testimony of Dr. Patel wherein he opined Reese's three days of work at CCI did not contribute to the underlying condition of aseptic necrosis. We find this argument to be controlled by *Hanks v. Blair Mills, Inc.*, 286 S.C. 378, 335 S.E.2d 91 (Ct.App.1985). In *Hanks*, the carrier argued the claimant's exposure to cotton dust during carrier's twenty-four days of coverage "could hardly have been injurious to Hanks." This court found, despite medical testimony that exposure during this period would have caused no meas-

urable change, difference, or damage, employment in the mill was of a kind contributing to the disease of byssinosis. Similarly, the record shows Reese's employment with CCI was of the same kind as that which had caused his condition and, thus, was of a kind contributing to the disease of aseptic necrosis. We find the commission erred in determining Reese was not entitled to compensation on this basis. Based on the commission's finding that Reese's employment with CCI did not contribute to his disease, the commission never addressed the issue of disability. Accordingly, we reverse and remand for a determination on this issue as well as any other issues necessary for disposition of this case.

Reese also contends the commission erred in denying his motion for a mandatory examination by the medical board pursuant to S.C.Code Ann. § 42–11–120 (1985). The record shows Reese raised this issue to the single commissioner, as well as the full commission and the circuit court. He further raised the issue in a Rule 59(e) motion. In light of our reversal, we remand this issue for reconsideration as well.

Based on our holding above, we need not address Reese's remaining issues. For the foregoing reasons, the order below is

**REVERSED AND REMANDED.**

CONNOR and HEARN, JJ., concur.