THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Gary Smith, Respondent,
 
 
 

v.

 
 
 
 Thermo Information Solutions Inc. and Traveler's Indemnity Company of Illinois, Appellants.
 
 
 

Appeal From Charleston County
 Daniel  F.  Pieper, Circuit Court Judge

Unpublished Opinion No. 2005-UP-368
Submitted May 1, 2005  Filed June 6, 2005

AFFIRMED

 
 
 
 Byron Putnam Roberts, of Columbia, for Appellant.
 Malcolm M. Crosland, Jr., of Charleston, for Respondents.
 
 
 

PER CURIAM: In this workers compensation case, the single commissioner found that Gary Smith suffered a brain injury as a result of a work-related accident and awarded total disability benefits.  The full commission and the circuit court affirmed.  Thermo Information Solutions, Inc. (Employer) challenges the finding that Smith suffered a brain injury, as well as the award of total disability benefits.  Employer also challenges the single commissioners weekly wage finding and raises a statute of limitations defense.  We affirm[1] pursuant to Rule 220, SCACR, and the following authorities: 
I.       Brain Injury and Total Disability 
S.C. Code Ann. § 1-23-380(A)(6)(d) and (e) (Supp. 2004) (explaining that a reviewing court may reverse or modify an agency decision based on errors of law, but may only reverse or modify an agencys findings of fact if they are clearly erroneous); S.C. Code Ann. § 42-9-10 (Supp. 2004) ([A]ny person determined to be totally and permanently disabled who as a result of a compensable injury . . . has suffered physical brain damage . . . shall receive the benefits for life.); Solomon v. W.B. Easton, Inc., 307 S.C. 518, 520, 415 S.E.2d 841, 843 (Ct. App. 1992) (On appeal, this court must affirm an award of the Workers Compensation Commission in which the circuit court concurred if substantial evidence supports its findings.); Howell v. Pacific Columbia Mills, 291 S.C. 469, 471, 354 S.E.2d 384, 385 (1987) (Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached to justify its action.); Linen v. Ruscon Constr. Co., 286 S.C. 67, 70, 332 S.E.2d 211, 212 (1985) (holding that when a claimants medical expert is properly qualified, the testimony of the claimant and the expert can satisfy the substantial evidence requirement); Pearson v. JPS Converter & Indus. Corp., 327 S.C. 393, 400, 489 S.E.2d 219, 222 (Ct. App. 1997) ([S]ection 42-9-10 does not require the total and permanent disability to be solely the result of physical brain damagethe statute only requires that a claimant be totally and permanently disabled and suffer physical brain damage as a result of the injury.); McCollum v. Singer Co., 300 S.C. 103, 107, 386 S.E.2d 471, 474 (Ct. App. 1989) (explaining that under section 42-9-10, total disability does not require complete, abject helplessness).    
II.     Average Weekly Wage Finding
Suddeth v. Knight, 280 S.C. 540, 544, 314 S.E.2d 11, 14 (Ct. App. 1984) (Stipulations will not be so construed as to give the effect of an admission of fact obviously intended to be controverted or the waiver of a right not plainly intended to be relinquished.); 83 C.J.S. Stipulations § 47 (2004) (explaining that stipulations will not be given a forced construction, and a construction should be adopted that is fair and will render it reasonable to both parties, and which will aid in a fair trial on the merits).
III.    Statute of Limitations
Hamilton v. Bob Bennett Ford, 336 S.C. 72, 77, 518 S.E.2d 599, 601 (Ct. App. 1999) (stating that once workers compensation forms are filed providing all the information that could reasonably be required to be in a claim, the claim is established and the statute of limitations is satisfied).   

AFFIRMED.
HEARN, C.J., and BEATTY and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.