**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brenda Barrington, III, Appellant,

v.

Outsourcing Solutions Inc. and The Phoenix Insurance Co., Respondents.

Appellate Case No. 2011-183127

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2012-UP-673
Submitted November 1, 2012 – Filed December 19, 2012

**AFFIRMED**

Brenda Barrington, III, of Summerville, pro se.

Frank R. Warder, Jr., of Wood & Warder, LLC, of Charleston, for Respondents.

**PER CURIAM:** Brenda Barrington, III appeals the circuit court's order affirming the decision of the South Carolina Workers' Compensation Commission Appellate Panel (Appellate Panel), arguing the circuit court erred in holding (1) the issue of whether Barrington sustained a compensable occupational disease was not

preserved and (2) substantial evidence supported the Appellate Panel's finding that Barrington suffered no permanent or partial disability under sections 42-9-10, 42-9-20, or 42-9-30 of the South Carolina Code (1985 & Supp. 2007).  Barrington also appeals the circuit court's decision on the grounds that her due process rights were compromised because Respondents' attorney wrote the proposed order for the circuit court, the physician of record never made a finding as to the permanency of her injury, and the circuit court failed to enforce previous orders of the Workers' Compensation Commission requiring Barrington to be reimbursed for her medical expenses.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the issue of Barrington sustaining a compensable occupational disease was preserved: S.C. Code Ann. § 42-17-50 (1985 & Supp. 2011) (providing "an application for review [by the Appellate Panel] is made to the Commission within fourteen days from the date when notice of the [single commissioner's] award shall have been given"); *Brunson v. Am. Koyo Bearings*, 367 S.C. 161, 166, 623 S.E.2d 870, 872 (Ct. App. 2005) ("Only issues within the application for review under S.C. Code Ann. § 42-17-50 (1976) are preserved for appeal to the commission."); *Reese v. CCI Constr. Co.*, 334 S.C. 600, 604, 514 S.E.2d 144, 145 (Ct. App. 1999) (holding if the employer fails to appeal the single commissioner's finding of an occupational disease to the Appellate Panel, the finding is the law of the case); *Brunson*, 367 S.C. at 165, 623 S.E.2d at 872 (holding an employee "is not required to relitigate unchallenged findings - which are the law of the case").

2. We find substantial evidence supported the circuit court's decision to affirm the Appellate Panel's decision finding Barrington was not entitled to compensation under sections 42-9-10, 42-9-20, or 42-9-30 of the South Carolina Code.  Although Barrington showed she lost earning capacity for two supplemental jobs, she did not show her injury caused a loss of earning capacity in her primary job.  Barrington continued to successfully perform all her job duties throughout her illness and, as of June 5, 2009, her doctor found her asthma to be stable and her lungs "quiet and clear."  *See Smith v. NCCI, Inc.*, 369 S.C. 236, 247, 631 S.E.2d 268, 274 (Ct. App. 2006) ("Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the [Appellate Panel] reached to justify its action."); *id.* ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the [Appellate Panel's] findings from being supported by substantial evidence."); *Solomon v. W.B. Easton, Inc.*, 307 S.C. 518, 520, 415 S.E.2d 841, 843 (Ct. App. 1992) ("On appeal, this court must

affirm an award [of the Appellate Panel] in which the circuit court concurred if substantial evidence supports the findings.").

3. As to the remaining issues: *Smith v. NCCI, Inc.*, 369 S.C. 236, 247-48, 631 S.E.2d 268, 274 (Ct. App. 2006) ("When a trial court does not explicitly rule on an argument raised, and the appellant makes no Rule 59(e), SCRCP, motion to obtain a ruling, the appellate court may not address the issue.").

**AFFIRMED.**[1]

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.