**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Johnnie Bias, Employee, Appellant,

v.

SCANA Corporation, Self-Insured Employer,
Respondent.

Appellate Case No. 2018-001516

Appeal From South Carolina Workers' Compensation
Commission

Unpublished Opinion No. 2020-UP-266
Submitted June 1, 2020 – Filed September 9, 2020

**AFFIRMED**

Jacob Milton Smith, of Smith & Jones Law, LLC, of
Lexington, for Appellant.

Grady Larry Beard, Nicolas Lee Haigler, and Meredith
Ross, all of Robinson Gray Stepp & Laffitte, LLC, of
Columbia, for Respondent.

**PER CURIAM:** Johnnie Bias appeals an order of the Appellate Panel of the
South Carolina Workers' Compensation Commission (the Commission), arguing
the Commission erred in (1) failing to find he sustained a compensable

work-related injury and (2) improperly considering evidence of his Social Security and health insurance benefits.  We affirm.

Substantial evidence supports the Commission's finding that Bias's symptomology following his October 14, 2014, fall at work represented the natural progression of his pre-existing health conditions.  *See Hargrove v. Titan Textile Co.*, 360 S.C. 276, 288, 599 S.E.2d 604, 610 (Ct. App. 2004) ("The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the Workers' Compensation Commission."); *id.* ("A reviewing court may reverse or modify a decision of an agency if the findings, inferences, conclusions or decisions of that agency are 'clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.'" (quoting *Bursey v. S.C. Dep't of Health & Envtl. Control,* 360 S.C. 135, 141, 600 S.E.2d 80, 85 (Ct. App. 2004))); *id.* at 289, 599 S.E.2d at 610-11 ("This [c]ourt's review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by some error of law."); *id.* ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action."); *Etheredge v. Monsanto Co.*, 349 S.C. 451, 455-56, 562 S.E.2d 679, 681 (Ct. App. 2002) ("The appellate court is prohibited from overturning findings of fact of the Commission, unless there is no reasonable probability the facts could be as related by the witness upon whose testimony the finding was based.").  Here, all of the medical evidence and Bias's own testimony indicates Bias suffered from back pain for thirty-years, requiring two surgeries.  Additionally, Bias received treatment for urological and psychological issues prior to his accident.  *See Hargrove*, 360 S.C. at 295, 599 S.E.2d at 614 ("The right of a claimant to compensation for aggravation of a pre-existing condition arises only where there is a dormant condition which has produced no disability but which becomes disabling by reason of the aggravating injury.").  The Commission evaluated conflicting evidence indicating Bias's symptomology was either (a) aggravated by the October 2014 accident or (b) the natural progression of a pre-existing condition.  We find the Commission's findings of fact are supported by substantial evidence and decline to set aside its view of the conflicting evidence in the record.  *See Hargrove*, 360 S.C. at 295, 599 S.E.2d at 614 ("Where there is a conflict in the evidence from the same or different witnesses, the [Commission]'s

findings of fact may not be set aside.").  Accordingly, we affirm the Commission's determination that Bias suffered a non-compensable injury.[1]

**AFFIRMED.**[2]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We affirm because the Commission's conclusion that Bias suffered a non-compensable injury is supported by substantial evidence.  *See Hargrove*, 360 S.C. at 289, 599 S.E.2d at 610-11 ("This [c]ourt's review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by some error of law.").  As the orders do not suggest the single commissioner or the Commission relied upon Bias's receipt of Social Security or health insurance benefits to determine compensability, we find no error in the Commission's decision. *See Hargrove v. Carolina Orthopaedic Surgery Assocs., PA*, 389 S.C. 119, 125, 697 S.E.2d 641, 644 (Ct. App. 2010) (finding no error when a single commissioner referenced the claimant's retirement and Social Security benefits but did not use the receipt of such benefits "for the purposes of justifying the decision to deny" the claim); *Solomon v. W.B. Easton, Inc.*, 307 S.C. 518, 521, 415 S.E.2d 841, 843 (Ct. App. 1992) ("[A]wards and records of the Social Security Administration ordinarily cannot be relied upon to support or deny a workers' compensation claim.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.