**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Janice McCutcheon, Employee, Respondent,

v.

Greenwood Mills, Inc., and Greenwood Mills/Self-Insurer, Employer/Carrier, Appellant.

Appellate Case No. 2019-001594

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2022-UP-227
Submitted April 1, 2022 – Filed May 25, 2022

**AFFIRMED**

Roy R. Hemphill, of McDonald Patrick Poston Hemphill & Roper, LLC, of Greenwood, for Appellant.

Jimmy R. King, of King Law Firm, PC, of Anderson, for Respondent.

**PER CURIAM:** Greenwood Mills, Inc. and Greenwood Mills/Self-Insurer (collectively, Employer) appeal the order of the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel) finding Janice McCutcheon permanently and totally disabled and ordering Employer to pay a lump sum of $216,265.47. On appeal, Employer argues (1) the Appellate Panel erred as a

matter of law in awarding compensation pursuant to section 42-9-10 of the South Carolina Code (2015) because McCutcheon only injured her left wrist, and therefore, her compensation should have been confined to permanent partial disability under section 42-9-30 of the South Carolina Code (2015), and (2) even if she was eligible for an award pursuant to section 42-9-10, the Appellate Panel erred in awarding compensation because there was no substantial evidence in the record of permanent and total disability.

We hold the record contains substantial evidence McCutcheon injured her left wrist, left shoulder, and psyche as result of her work-related accident, and the Appellate Panel did not err in finding she was permanently and totally disabled. We therefore affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Clemmons v. Lowe's Home Ctrs., Inc.-Harbison*, 420 S.C. 282, 287, 803 S.E.2d 268, 270 (2017) ("An appellate court's review is limited to the determination of whether the [Appellate Panel's] decision is supported by substantial evidence or is controlled by an error of law."); *Burnette v. City of Greenville*, 401 S.C. 417, 429, 737 S.E.2d 200, 206 (Ct. App. 2012) ("In a workers' compensation case, this court does not have the authority to find facts; that authority belongs to the [Appellate Panel]."); *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 86, 681 S.E.2d 595, 600 (Ct. App. 2009) ("The extent of an injured workman's disability is a question of fact for determination by the Appellate Panel and will not be reversed if it is supported by competent evidence."); *Colonna v. Marlboro Park Hosp.*, 404 S.C. 537, 545, 745 S.E.2d 128, 133 (Ct. App. 2013) ("[T]he question of whether [a claimant] is totally and permanently disabled, and thus entitled to recover under section 42-9-10, turns on whether her initial injury had a 'disabling effect' on other parts of her body."); *id.* at 548, 745 S.E.2d at 134 (stating "[c]laims for psychological injury are compensable . . . if the claimant proves by a preponderance of evidence they are caused by physical injury"); *Stephenson v. Rice Servs., Inc.*, 323 S.C. 113, 118, 473 S.E.2d 699, 702 (1996) ("[T]he [Appellate Panel] may predicate a finding of total disability on the claimant's complete loss of earning capacity as a result of a work-related injury."); *McCollum v. Singer Co.*, 300 S.C. 103, 107, 386 S.E.2d 471, 474 (Ct. App. 1989) ("'[T]otal disability' does not require complete, abject helplessness. Rather it is an inability to perform services other than those that are so limited in quality, dependability, or quantity that no reasonably stable market exists for them.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**