### 2446

Christine LYBRAND, Respondent v. MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC. and Norman T. COVAR, Appellants.

(467 S.E. (2d) 745)

Court of Appeals

---

*Stephen P. Groves* and *H. Michael Bowers, Young, Clement, Rivers & Tisdale,* Charleston, *for appellants.*

*O. Grady Query, Phillip A. Middleton* and *Randall H. Johnson,* Charleston, *for respondent.*

Heard Dec. 5, 1995.

Decided Jan. 22, 1996; Reh. Den. Mar. 21, 1996.

HOWELL, Chief Judge:

This is an appeal from an order of the circuit court confirming an arbitration award. The sole issue on appeal is whether the circuit court erred in affirming the arbitration award to the extent it assessed attorney's fees against Merrill, Lynch, Pierce, Fenner & Smith, Inc. (Merrill, Lynch) and Norman T. Covar (Appellants). We reverse.

## FACTS

Christine Lybrand opened a securities account at Merrill, Lynch in March of 1981. When Lybrand opened her account, she executed a customer service agreement which provided that all disputes between the parties would be subject to arbitration, and enforcement of the agreement would be governed by New York law.

Covar, a Merrill, Lynch employee, was Lybrand's investment adviser and broker on this account. From 1983 to 1987, pursuant to Covar's recommendation, Lybrand allowed Covar to sell part of her portfolio and purchase units in five separate real estate limited partnerships for which Merrill, Lynch served as selling agent. Lybrand alleges between 1987 and November of 1991, Merrill, Lynch sent account statements to Lybrand indicating her portfolio of limited partnerships units was worth more than $250,000. However, in December of 1991, Lybrand received a statement indicating the same units were worth less than $190,000. The December statement was accompanied by a "Key Client Update" in which Merrill, Lynch announced it would no longer value its clients' interests in the limited partnerships by reflecting the clients' original purchase price.

Lybrand commenced this action alleging violation of the South Carolina Uniform Securities Act, fraud, constructive fraud, breach of duty, negligent misrepresentation, and negligent supervision. Appellants moved the court to stay the proceedings and to compel arbitration. The trial court granted this motion and the matter was heard in an arbitration proceeding conducted by the National Association of Securities Dealers (NASD).

The panel of NASD arbitrators (the panel) ordered Merrill, Lynch to purchase the limited partnership shares from Lybrand. The panel also awarded Lybrand compensatory damages of $294,000 and attorney's fees of $117,600. Appellants moved for an order vacating the arbitration award to the extent it awarded attorney's fees. The circuit court denied Appellants' motion and this appeal ensued.

## STANDARD OF REVIEW

The Federal Arbitration Act (FAA), 9 U.S.C.A. §§ 1-14 (1970 & Supp. 1995), evidences a strong federal policy in favor

of arbitration of contractual disputes. *Trident Technical College v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 333 S.E. (2d) 781 (1985), *cert. denied, Creed v. Trident Technical College*, 474 U.S. 1060, 106 S.Ct. 803, 88 L.Ed. (2d) 779 (1986). The function of arbitration is to serve as a substitute for and not merely a prelude to litigation. *Id.* Because extensive judicial review of arbitration decisions renders resort to arbitration wasteful and superfluous, the scope of judicial review is necessarily restricted. *Id.; see also Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F. (2d) 805, 808 (2d Cir. 1960), *cert. denied*, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed. (2d) 1727 (1960) ("[T]he court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, *i.e.*, avoidance of litigation, would be frustrated."). Thus, our ability to vacate an arbitration award, in whole or in part, is severely limited. *Trident*, 286 S.C. at 105, 333 S.E. (2d) at 785.

## DISCUSSION

Appellants argue the circuit court should have vacated the portion of the panel's award granting Lybrand attorney's fees because in making the award, the panel acted outside the scope of its powers. We agree. Although our ability to vacate an arbitration award is limited, we may vacate or modify an arbitration award if one of the grounds specified in the FAA exists. *Trident*, 286 S.C. at 105-06, 333 S.E. (2d) at 786. One of the grounds provided by the FAA upon which to vacate an arbitration award is "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C.A. § 10(a)(4) (Supp. 1995). Arbitrators exceed their powers within the meaning of § 10(a)(4) of the FAA where their award resolves an issue that is not arbitrable because it is outside the scope of the arbitration agreement. *Trident*, 286 S.C. at 106, 333 S.E. (2d) at 786.

The customer service agreement between Lybrand and Merrill, Lynch provided:

It is agreed that any controversy between us arising out of your business or this agreement shall be submitted to arbitration. . . .

\* \* \* \* \*

> This agreement and its enforcement shall be governed by the laws of the State of New York. . . .

Pursuant to the choice-of-law provision contained in the agreement, the panel was required to apply New York substantive law in adjudicating any controversy arising out of the agreement. *See Osteen v. T.E. Cuttino Constr. Co.*, — S.C. —, 434 S.E. (2d) 281 (1993) (where an arbitration agreement was ambiguous, and no extrinsic evidence of intent of the parties was presented, the court interpreted a choice-of-law provision in an arbitration agreement to require the arbitrators to apply New York substantive law, but not New York arbitration law). Under New York law, attorney's fees are not recoverable absent a contrary contractual provision or legal basis for recovery. *A.G. Ship Maintenance Corp. v. Lezak*, 69 N.Y. (2d) 1, 511 N.Y.S. (2d) 216, 503 N.E. (2d) 681 (1986). New York law also prohibits the recovery of attorney's fees in arbitration proceedings absent an express provision in the arbitration agreement. *CBA Indus. v. Circulation Management, Inc.*, 179 A.D. (2d) 615, 578 N.Y.S. (2d) 234 (1992). Thus, we find the panel's award of attorney's fees constitutes resolution of an issue outside the scope of the arbitration agreement.

Lybrand argues the panel's award of attorney's fees was proper pursuant to S.C. Code Ann. § 35-1-1490 (Rev. 1987).[1] We find no merit in this argument. As stated above, the panel was required to arbitrate the controversies between the parties in accordance with New York law. New York law does not allow the recovery of attorney's fees in arbitration proceedings absent a provision authorizing attorney's fees in the arbitration agreement. *Id.*

Lybrand contends the controversy regarding attorney's fees is a separate controversy, and subject to arbitration. Thus, Lybrand argues the panel's award of attorney's fees was proper under a strained construction of the contractual provision mandating arbitration of "any controversy" arising between the parties. We disagree. Lybrand's claim for

---

[1] S.C. Code Ann. § 35-1-1490 provides, in part, that

any person who . . . (2) [o]ffers or sells a security by means of any untrue statement of a material fact . . . [i]s liable to the person buying the security from him . . . [for] the consideration paid for the security, together with interest . . . and reasonable attorneys' fees. . . .

attorney's fees was part of her underlying action. If the panel awarded attorney's fees based on a construction of the term "any controversy" as including a separate controversy regarding attorney's fees, without any further legal or contractual basis for granting such an award, the panel resolved an issue outside the scope of the arbitration agreement.[2]

For the foregoing reasons, the decision of the circuit court denying Appellant's motion to vacate the panel's award of attorney's fees is

Reversed.

CURETON and GOOLSBY, JJ., concur.

---

[2] In light of our disposition, we decline to address Appellants' remaining issues on appeal.