503 S.E.2d 782

John B. HARRIS, III;  Marian L. Harris;  Pinecrest III, Limited, Inc., a Corporation;  Pinecrest IV, Limited, Inc., a Corporation;  Pinecrest V, Limited, Inc., a Corporation;  Pinecrest VI, Limited, Inc., a Corporation;  and The Pinecrest Group, Inc., Respondents,

v.

Michael R. BENNETT;  John H. Hofford;  SouthCoast One, a Corporation;  SouthCoast Two, a Corporation;  SouthCoast Three, a Corporation;  and SouthCoast Four, a Corporation, Appellants.

No. 2861.

Court of Appeals of South Carolina.

Submitted June 2, 1998.

Decided June 29, 1998.

Rehearing Denied Aug. 19, 1998.

Claron A. Robertson, III and R. Patrick Flynn, both of Robertson & Associates, Charleston, for Appellants.

Richard S. Rosen and Donald B. Clark, both of Rosen, Rosen & Hagood, Charleston, for Respondents.

ANDERSON, Judge:

This is an appeal of a circuit court's order confirming an award by an arbitration panel. Appellants Michael R. Bennett and John H. Hofford argue the arbitration panel exceeded its power and demonstrated a manifest disregard of the law in reaching its decision. We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

Bennett and Hofford are principals in the Bennett–Hofford Company, Inc., an organization based in Charleston, South Carolina which specializes in commercial real estate development, including new construction, restoration, and renovation projects. John B. Harris, III is president of The Pinecrest Group, Inc., a firm based in Washington, D.C. which engages in financing for large commercial real estate developments.

The underlying action involved four separate development projects: (1) Ocean Park, in Georgetown; (2) Driftwood Beach Cottages at Melrose, on Daufuskie Island; (3) The Village at Turtle Beach, on Kiawah Island; and (4) The Ocean Green Golf Cottages, on Kiawah Island. Bennett and Hofford formed four separate corporations, SouthCoast One through Four, and Harris formed four separate corporations, Pinecrest III through VI. For each project, the parties formed partnerships consisting of one SouthCoast corporation and one Pinecrest corporation.

The project at issue in this appeal is known as "The Ocean Green Golf Cottages" on Kiawah Island. The partnership agreement for Ocean Green Associates (OGA) was executed on February 2, 1990 by general partners Pinecrest VI, Ltd. (45%) and SouthCoast Four Corporation (45%), and limited partner

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

George Taylor (10%). Taylor is not a party to the underlying action.

Bennett, Hofford, and Harris negotiated with Citizens Saving Bank to borrow $2.5 million as an acquisition and development loan for the OGA project. Harris, Bennett, Hofford, and Taylor each signed a personal Guaranty Agreement to secure the loan. As part of the security for the loan, the lender required a $500,000 letter of credit, which was provided by Harris. The letter of credit was to be called in the event of default on the loan.

Section 6.2(a)(i) of the OGA Limited Partnership Agreement provides in pertinent part as follows:

> All the Partners *shall commit their credit* to obtain the Acquisition and Development Loan (to satisfy and replace the Initial Loan) as well as any other loans obtained by the Partnership as deemed necessary or advisable by the General Partners subject to the limitations contained in ARTICLE IX and further subject to the condition that the Limited Partner's personal liability with respect to any such Partnership Loan(s) shall be limited to his Profit–Sharing Percentage. *To that end, the Class A General Partner [Pinecrest VI] hereby agrees to arrange and establish an irrevocable letter of credit in an amount necessary to obtain such A & D Loan up to thirty-nine percent (39%) of the A & D Loan.* (The Partnership shall pay the Class A Partner all reasonable costs incurred by it to obtain such letter of credit.)

(Emphasis added.)

The OGA partnership obtained the acquisition and development loan in July of 1990, and Harris, Bennett, Hofford, and Taylor each signed as personal guarantors on the loan. Harris supplied the letter of credit for $500,000. Bennett and Hofford were not obligated under the letter of credit. The OGA partnership defaulted on the loan, and the bank called the letter of credit in 1992 and applied Harris's $500,000 to partially satisfy the partnership debt.

At arbitration, Harris asserted he was entitled to contribution for his payment on the letter of credit from Bennett and Hofford as individuals. The arbitration panel agreed, stating:

John Harris also claims $307,957 against Messrs. Hofford and Bennett in connection with the Ocean Green guarantee. The Arbitrators deny Respondents' claims that the corporate veils of the SouthCoast entities should be pierced, but nonetheless find on other grounds as follows. The Arbitrators find that John B. Harris is entitled to contribution from his co-guarantors, Michael R. Bennett and John H. Hofford, and award John B. Harris $153,978 payable each by Michael R. Bennett and John H. Hofford.

The circuit court confirmed the award of the arbitration panel. Bennett and Hofford appeal.

### ISSUE

Did the circuit court err in confirming the award because the arbitration panel allegedly exceeded its powers and demonstrated a manifest disregard of the law?

### LAW/ANALYSIS

Review of arbitration awards is limited and the decision of an arbitration panel will be vacated only under certain grounds as provided by statute or upon the non-statutory ground of "manifest disregard of the law."

Arbitration is a favored method of settling disputes in South Carolina. When a dispute is submitted to arbitration, the arbitrators determine questions of both law and fact. Generally, an arbitration award is conclusive and courts will refuse to review the merits of an award. An award will only be vacated under narrow, limited circumstances.

*Pittman Mortgage Co. v. Edwards,* 327 S.C. 72, 75–76, 488 S.E.2d 335, 337 (1997) (citations omitted).

In section 15–48–130, the South Carolina legislature has set forth a number of instances in which the court shall vacate an arbitration award, including when "[t]he arbitrators exceeded their powers." S.C.Code Ann. § 15–48–130(a)(3) (Supp.1997). Our Supreme Court has clearly stated that arbitrators exceed their powers only if the issue resolved by them is not within the scope of the agreement to arbitrate. If an issue is within the scope of the arbitration agreement, the court need not review the merits of the decision. Factual and

legal errors by arbitrators do not constitute an abuse of their powers under section 15–48–130(a)(3):

> The question of whether arbitrators have exceeded their powers relates to the arbitrability of the issue they have attempted to resolve. Arbitrators exceed their powers only if the issue resolved by them is not within the scope of the agreement to arbitrate. Factual and legal errors by arbitrators do not constitute an abuse of their powers, and the court is not required to review the merits of the decision so long as the arbitrators do not exceed their powers. A party may not attempt to relitigate the merits of the arbitrators' resolution of the arbitrable issues under the guise of questioning the arbitrators' power.
>
> Arbitrators need not specify their reasoning or the basis of the award so long as the factual inferences and legal conclusions supporting the award are "barely colorable." If the grounds for the award can be inferred from the facts, the award should be confirmed.

*Pittman Mortgage Co.,* 327 S.C. at 76–77, 488 S.E.2d at 338 (citations omitted).

■ In addition to the statutory grounds for vacating the award, an award may be vacated where there has been a "manifest disregard or perverse misconstruction of the law." *Batten v. Howell,* 300 S.C. 545, 549, 389 S.E.2d 170, 172 (Ct.App.1990). Our Supreme Court has stated this non-statutory ground requires something more than a mere error in construing or applying the law:

> [T]he case law presupposes something beyond a mere error in construing or applying the law. Indeed, even a "clearly erroneous interpretation of the contract" cannot be disturbed.
>
> Appellant asserts that the courts have not hesitated in appropriate cases to vacate an arbitration award where there is a manifest disregard or perverse misconstruction of the law. While this is certainly true, those cases have been exceedingly rare, requiring circumstances far more egregious than mere errors in interpreting or applying the law. Indeed, the cases relied upon by appellant all contain the explicit caveat that "the nonstatutory ground of 'manifest disregard' of the law as a basis for vacating arbitration

awards ... presuppose[s] 'something beyond and different from a mere error of law or failure on the part of the arbitrators to understand or apply the law.' " Even assuming *arguendo* that the arbitrators did erroneously apply the law in the various particulars alleged by appellant, these legal errors would be insufficient to constitute a manifest disregard of the law under pertinent cases.

*Trident Technical College v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 108–09, 333 S.E.2d 781, 787 (1985), *cert. denied,* 474 U.S. 1060, 106 S.Ct. 803, 88 L.Ed.2d 779 (1986).

██ Bennett and Hofford argue the circuit court erred in confirming the award because the arbitrators both exceeded their powers and demonstrated a manifest disregard of the law. Harris argues Bennett and Hofford failed to preserve this issue for review because they did not make this argument to the circuit court.

██ As a general rule, an issue may not be raised for the first time on appeal, but must have been raised to and ruled upon by the court below to be preserved for appellate review. *Brashier v. South Carolina Dep't of Transp.*, 327 S.C. 179, 490 S.E.2d 8 (1997). Bennett and Hofford did make a motion to the circuit court "pursuant to S.C.Code [Ann.] §§ 15–48–130 and 15–48–140 to modify and/or vacate the Arbitration Award." They failed, however, to voice the particular arguments they now make on appeal. The circuit court addressed only prior motions made by Bennett and Hofford to correct a computational error or to obtain clarification of the award. Where an issue presented to the court is not ruled on in the final order, the issue must be raised by an appropriate post-trial motion to be preserved for appeal. Bennett and Hofford failed to make any post-trial motions pointing out an alleged failure by the court to rule on their assertions that the arbitrators exceeded their powers and demonstrated a manifest disregard of the law. Therefore, the issues are not preserved.

Moreover, Bennett and Hofford's arguments are without merit. Bennett and Hofford cite *Lybrand v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 321 S.C. 70, 467 S.E.2d 745 (Ct.App.1996), *cert. denied* (S.C.1996) to support their contention the arbitrators exceeded their powers. In *Lybrand,* the

arbitrators were bound to follow New York law under the terms of the agreement between the parties. Although New York law did not allow attorney's fees, the arbitrators awarded them. We held the arbitration of attorney's fees was clearly outside the scope of the parties' agreement to arbitrate; therefore, the panel exceeded its power.

Bennett and Hofford argue because the arbitrators refused to pierce the corporate veil, holding them personally liable on the letter of credit is violative of South Carolina law. The purpose of the arbitration, however, was to determine the liabilities of the parties. Even if the arbitrators erroneously applied South Carolina corporate law, they did not exceed the scope of their powers. *Batten,* 300 S.C. 545, 389 S.E.2d 170 (if the arbitrators resolved the very issue presented to them, they did not exceed their powers, even assuming factual and legal errors). *See also Trident Technical College,* 286 S.C. 98, 333 S.E.2d 781 (if the issues presented to the arbitrators are within the scope of the arbitration agreement, they do not exceed their powers when attempting to resolve those issues).

Bennett and Hofford also fail to show how the arbitrators demonstrated a manifest disregard of the law. An erroneous application of the law does not constitute manifest disregard. *Trident Technical College,* 286 S.C. 98, 333 S.E.2d 781. Bennett and Hofford were personally liable on the development loan, and the letter of credit went to satisfy the loan. Although Bennett and Hofford were not liable on the letter of credit, the arbitration panel's legal conclusions are "barely colorable." We cannot say the arbitrators appreciated the existence of a clearly governing legal principle and decided to ignore it. *See, e.g., Marshall v. Green Giant Co.,* 942 F.2d 539 (8th Cir.1991) ("manifest disregard of the law" which allows court to intrude upon arbitrator's decision exists when arbitrator commits error that was obvious and capable of being instantly perceived by average person qualified to be an arbitrator; "disregard" implies the arbitrator appreciates the existence of a clearly governing legal principle, but decides to ignore or pay no attention to it).

## CONCLUSION

Since there is no indication the arbitration panel exceeded its powers or demonstrated a manifest disregard of the law,

the order of the circuit court confirming the arbitration award is

**AFFIRMED.**

HEARN and HOWARD, JJ., concur.