THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Alexander Pastene Appellant,
v.
 Beaufort County School District (a political subdivision of the state of South Carolina), Herman Gaither, Calvin White, Otis Smith, Carl Simmons, Mark
 Seigle, Herbert Glaze, Richard McClure, William Evans, City of Beaufort Police Department, and Police Officer Angela
 Hayes Respondents. 
 
 
 

Appeal From Beaufort County
Curtis L. Coltrane, Master-in-Equity and Special Circuit Court Judge

Unpublished Opinion No. 2006-UP-324
Submitted September 1, 2006  Filed September 13, 2006

AFFIRMED

 
 
 
Alexander Pastene, of Hilton Head, Pro Se Appellant.
Erin D. Dean, of Beaufort, for Respondents Beaufort County School District, Herman Gaither, Calvin White, Otis Smith, Carl Simmons, Mark Seigle, Herbert Glaze, Richard McClure, and William Evans.
Mary Bass Lohr, of Beaufort, for Respondents Beaufort Police Department and Police Officer Angela Hayes.
 
 
 

PER CURIAM:  Alexander Pastene (Pastene) appeals the master-in-equitys grant of summary judgment.  We affirm.[1]
FACTS
Pastene began work as a substitute teacher with the Beaufort County School System in 1992.  In 1995, an alleged incident involving attendance records and the supervision of students resulted in his removal from Hilton Head High Schools roll of substitute teachers.  Pastene continued to serve as a substitute teacher at other schools within the district and was without reproach until May of 1999, when school officials cautioned him for purportedly engaging in an improper discussion about sex with elementary schoolchildren.
On November 19, 1999, Pastene was employed as a substitute teacher at Beaufort High School, when two female students accused him of making inappropriate comments in response to their requests to use the restroom.  The school district held an administrative hearing on November 29, 1999 to investigate the incident.  Pastene, the two girls, the girls parents, and several of the defendants were among those present.  While precisely what was said and transpired during the course of this proceeding is in dispute, it is clear that many negative things about Pastene were stated and alleged and that one of the parents made a comment or threat in regards to killing Pastene.  Whether this comment was meant to be taken literally is not certain.  
As a result of the proceeding, Pastene was removed from Beaufort County School Districts list of substitute teachers.  A letter dated December 3, 1999 notified him of this action.  Later in the month, correspondence from the districts personnel director advised Pastene that he could respond in writing to the alleged incidents and that meeting with the director could be arranged.  Thereafter, Pastene made requests to the school district for a copy of his personnel file and to the police for copy of the incident report.  He did not, however, make a written response concerning his dismissal or schedule a meeting with the personnel director.
On July 17, 2003, Pastene filed the instant action for intentional infliction of emotional distress and gross negligence.  Although the complaint makes many allegations of conspiracy, the claims arise out of and center around actions taken by the school officials, specifically those stemming from the November 29, 1999 administrative hearing.
In addition to their answers, the defendants all filed motions to dismiss and motions for summary judgment.  After a series of various other motions and memorandum in support of motions, a hearing was held on December 16, 2003 in front of the Honorable Curtis L. Coltrane, Master-in-Equity and Special Circuit Court Judge.  Just before the beginning of the hearing, the school district defendants provided the court, the police defendants, and Pastene with an additional memorandum in support of their motion for summary judgment.  During the hearing, Pastene offered to provide an audiotape of the November 29, 1999 school proceeding, which the master declined.  
In the two days immediately following the hearing, Pastene drafted a response to the school district defendants most recently submitted memorandum.  The master-in-equity refused to accept this document from Pastene.  Although Pastene was unaware at the time, the master had already drafted the order for the case earlier in the day.
The master-in-equity, by a written order dated December 18, 2003, granted the defendants motions on the grounds that (1) Pastene failed to commence the action with the applicable statute of limitations and, (2) with respect to the individual defendants, that the claims against them were barred by section 15-78-70(a) of the South Carolina Code (2003).  Pastene made no post trial motions. 
DISCUSSION
On appeal, Pastene argues that the master-in-equity erred in failing to toll the statute of limitations.  He concedes that the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, et seq. (2003), governs the underlying action, which provides an applicable statute of limitations of two years.  S.C. Code Ann. §15-78-110 (2003).  Although Pastenes complaint involves a host of different incidents, the lattermost event would be his December 1999 receipt of the letter notifying him of his removal from the roll of substitute teachers.  The instant action was not filed until July 17, 2003, over eighteen months past the appropriate time period.  Pastene contends, however, that his complaint should be allowed because the defendants dominated him until sometime between the end of 2001 and 2002.  We disagree.
Typically, a statute of limitations begins to run on the date the plaintiff knows or should know through the exercise of reasonable diligence, the existence of the facts giving rise to the cause of action.  Wiggins v. Edwards, 314 S.C. 123, 442 S.E.2d 169 (1994).  Under the common law of South Carolina, a defendant may be estopped from claiming the statute of limitations as a defense if the delay that otherwise would give operation to the statute had been induced by the defendants conduct.   Black v. Lexington School District, 327 S.C. 55, 61, 488 S.E.2d 327, 330 (1993) (citations omitted).  Although the issue whether a defendant is estopped from claiming the statute of limitations is ordinarily a question of fact, summary judgment is appropriate where there is no evidence of conduct on the defendants part warranting estoppel.  Id.  Pastene merely states that the defendants dominated him and prevented him for bringing suit and has provided no evidence of any such conduct.  The only indication of any duress came not from the defendants but from the comments made by one the parents during the November 29, 1999 proceeding.  Additionally, subsequent to this comment, which he alleges to have been a death threat, Pastene continued correspondence and contact with many of the defendants, actions contrary to his assertion that the was dominated, frightened, and/or placed under duress.  No evidence was presented as to warrant estoppel as alleged by Pastene, and accordingly, summary judgment was appropriate.
Pastene contends that the master-in-equity erred in dismissing the claims against the individual defendants pursuant to the South Carolina Tort Claims Act.  Section 15-78-70 of the South Carolina Code provides in pertinent part:  

An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor  [unless] it was proved that the employees conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. 

S.C. Code Ann. § 15-78-70 (2003); See also S.C. Code Ann. § 15-78-200 (2003) (providing that the South Carolina Tort Claims Act is the exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employees official duty).  
Pastenes complaint states that all the alleged acts of the individual defendants were committed during the course and scope of their official duties.  He presented no evidence to indicate they acted with the requisite malice, purpose, or intent so as to remove them from the immunity provided by the statue.  Consequently, summary judgment for the individual respondents was appropriate, in addition to and irrespective of, the dismissal for violation of the statute of limitations.
Additionally, Pastene alleges the master-in-equity abused his discretion in failing to consider the unedited audiotape of the schools December 1999 proceeding.  We refuse to consider this issue, as it is not properly preserved for review.  
Although Pastene may have requested at the hearing that the master take the tape into consideration, the December 18, 2003 order included no ruling on this issue.  An issue can not be raised on appeal when the appellate does not move to amend the lower courts order for failure to consider the issue.  See Bailey v. Covil Corp., 291 S.C. 417 354 S.E.2d 35 (1987).  Where an issue presented to the court is not ruled on in the final order, the issue must be raised by an appropriate post-trial motion to be preserved for appeal.  Harris v. Bennett, 332 S.C. 238, 245, 503 S.E.2d 782, 786 (Ct. App. 1998).  Pastene failed to make a motion to alter or amend the judgment pursuit to Rule 59(e) of the South Carolina Rules of Civil Procedure, and thus the issue is not preserved for review in the case sub judice.
Finally, Pastene claims the master abused his discretion in refusing to consider his memorandum in response to district defendants memorandum and that that the master was unduly influenced by the counsel for the defendants.  These two issues are also not preserved for review and therefore will not be considered by this court.
As a general rule, an issue may not be raised for the first time on appeal, but must have been raised to and ruled upon by the court below to be preserved for appellate review.  Harris, 332 S.C. at 245, 503 S.E.2d at 786 (citing Brashier v. South Carolina Dept. of Transp., 327 S.C. 179, 490 S.E.2d 8 (1997)). 

It is a fundamental rule of law that an appellate court will affirm a ruling by a lower court if the offended party does not challenge that ruling.  Failure to challenge the ruling is an abandonment of the issue and precludes consideration on appeal. The unchallenged ruling, right or wrong, is the law of the case and requires affirmance.

First Union Nat. Bank of South Carolina v. Soden, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998) (citations omitted).  Although Pastene may not have suspected or been made aware of these two issues until the hearing on December 16, 2003 or, at the latest, upon his receipt of masters order on or about December 23, 2003, he had methods of relief available and avenues with which to properly preserve the issues.  He chose not to make a Rule 59, Rule 60, or any other post trial motions.  As a result, these two issues were never properly considered by the master-in-equity and will not be considered by the appellate court in rendering its decision.
CONCLUSION 
Accordingly, the order granting summary judgment is
AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.