THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 L. John Fisher,
 III and T. Randolph Forshee, Appellants,
 v.
 Gibbs
 International, Inc. and James I. (Jimmy) Gibbs, Respondents.
 
 
 

Appeal From Spartanburg County
 J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2010-UP-520
 Submitted November 1, 2010  Filed December
9, 2010

REVERSED AND REMANDED

 
 
 
 Thomas L. Stephenson, of Greenville, for Appellants.
 Donald C. Coggins, Jr., of Spartanburg and Stacy Kaplan Wood, of
 Charlotte, for Respondents.  
 
 
 

PER CURIAM: L. John Fisher, III and T. Randolph Forshee
 (Appellants) appeal the circuit court's refusal to confirm their arbitration
 award against Gibbs International, Inc. (Gibbs International) and James I. Gibbs
 individually.  On appeal, Appellants argue the circuit court erred by: (1)
 refusing to confirm the arbitration award; (2) finding the arbitrator exhibited
 partiality and a manifest disregard or perverse misconstruction of the law; and
 (3) dismissing James I. Gibbs from the case.  We reverse and remand.[1]  
1. We find the circuit court erred in
 refusing to confirm the arbitration award based on the finding that the
 arbitrator was partial.  Gibbs International and James I. Gibbs have failed to
 provide evidence that the arbitrator's alleged bias was actual, direct,
 definite, and capable of demonstration.  The record does not indicate that the
 arbitrator had any sort of interest in the proceedings or that he had any sort
 of relationship with the Appellants in the matter.  While we do not condone the
 alleged errors, courts are not free to vacate an arbitration award by an
 arbitrator selected by the parties on mere legal error alone.  See Consol.
 Coal Co. v. Local 1643, United Mine Workers of Am., 48 F.3d 125, 130 (4th
 Cir. 1995) (acknowledging the bias of the arbitrator as a factual finding and
 applying the clearly erroneous rule, "we hold that the Magistrate Judge
 and district court's finding of per se bias was clearly erroneous . . .
 . [Plaintiff] failed to demonstrate any partiality or improper motive on the
 part of [the arbitrator] or that he and his brother had any interest in the
 outcome of the dispute arbitrated."); see also Atl. Shores
 Resort Joint Venture v. Martin, 731 F. Supp. 1279, 1283 (D.S.C. 1990)
 ("It is well settled, of course, that alleged bias on the part of an
 arbitrator cannot be the basis for vacating an award unless the interest or
 bias is direct, definite and capable of demonstration rather than remote,
 uncertain, or speculative.") (internal quotation and citation omitted); Carpenter
 v. Brooks, 139 N.C. App. 745, 755, 534 S.E.2d 641, 648 (N.C. Ct. App. 2000)
 ("[E]vident partiality . . . exists when an arbitrator's bias is direct,
 definite and capable of demonstration rather than remote, uncertain, or
 speculative.  There must exist specific facts that indicate improper motives on
 the part of the arbitrator . . . .") (internal quotation and citation
 omitted); Id. ("[A] disappointed party's perception of rudeness on
 the part of an arbitrator is not the sort of evident partiality contemplated by
 the Act as grounds for vacating an award.") (internal quotation and
 citation omitted); Three S Del., Inc. v. DataQuick Info. Sys., Inc., 492
 F.3d 520, 530 (4th Cir. 2007) (applying the following four factors to determine
 if a party has established evident bias: (1) the extent and character of the
 arbitrator's personal interest in the proceedings; (2) the type of relationship
 between the arbitrator and the party he is alleged to favor; (3) the connection
 of that relationship to the arbitrator; and (4) the proximity in time between
 the relationship and the arbitration proceeding).  
2. We
 find the circuit court erred in setting aside the arbitration award due to the
 arbitrator's alleged manifest disregard of the law.  See Harris v.
 Bennett, 332 S.C. 238, 244, 503 S.E.2d 782, 786 (Ct. App. 1998) (stating in
 addition to the five statutory grounds for vacating an arbitration award, an
 award can also be vacated under the nonstatutory ground of "manifest
 disregard or perverse misconstruction of the law") (internal quotation and
 citation omitted); Trident Technical Coll. v. Lucas & Stubbs, Ltd.,
 286 S.C. 98, 108, 333 S.E.2d 781, 787 (1985) (stating this ground is directed
 at the conduct of the arbitrator and "presupposes something beyond a mere
 error in construing or applying the law") (internal quotation and citation
 omitted); Harris, 332 S.C. at 246, 503 S.E.2d at 787 (asserting a
 manifest disregard of the law is not just an erroneous application of the law); Weimer v. Jones, 364 S.C. 78, 80, 610 S.E.2d 850, 852 (Ct. App. 2005)
 ("A manifest disregard of the law occurs when the arbitrator knew of a
 governing legal principle yet refused to apply it, and the law
 disregarded was well defined, explicit, and clearly applicable to the
 case.") (internal quotation and citation omitted); Lauro v. Visnapuu,
 351 S.C. 507, 519, 570 S.E.2d 551, 557 (Ct. App. 2002) (stating although courts
 have not hesitated in certain cases to vacate an arbitration award when there
 is a manifest disregard or perverse misconstruction of the law, those cases
 have been exceedingly rare, requiring circumstances far more egregious than
 mere errors in interpreting or applying the law).
3. We find the circuit court erred in
 dismissing James I. Gibbs individually from the case.  Procedurally, we find
 this issue was not properly before the circuit court.  This argument was not
 raised by James I. Gibbs until his motion in opposition to Appellants' motion
 to confirm the arbitration hearing. This issue was not ruled upon by the
 arbitrator in his initial order or raised in the defendants' motion to reconsider. 
 In fact, the motion to reconsider refers to the defendants in plural form,
 suggesting that James I. Gibbs was not contesting his individual liability at
 that time.  In their answer, Gibbs International and James I. Gibbs did not
 dispute James I. Gibbs' individual liability nor ask that he be dismissed as a
 defendant.  Here, there is nothing in the record to indicate that James I.
 Gibbs tried to dismiss the case earlier and the defendants collectively
 requested that the matter be sent to arbitration.  Moreover, this issue was
 never addressed during arbitration.  See Gissel v. Hart, 382 S.C.
 235, 243, 676 S.E.2d 320, 324 (2009) (holding that because defendants did not
 contest their status as individual defendants when they filed their own motion
 to dismiss and their own motion to have the matter sent to arbitration, they
 could not later dispute their status as defendants and be permitted to be
 dismissed as a party).  Thus, we find the circuit court improperly considered
 this matter. 
Accordingly, the judgment herein is reversed and this case is
 remanded to the circuit court for entry of an order confirming the arbitration
 award. 
REVERSED AND REMANDED.
THOMAS, PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.