THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Nova Homes,
 Inc., Respondent,
 
 
 
 
 

v.

 
 
 
 
 Harishyam and
 Seema Singh, Branch Banking and Trust Co. of South Carolina, Appellants.
 
 
 
 
 

Appeal From Greenville County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2011-UP-001
 Submitted December 1, 2010  Filed January
20, 2011    

AFFIRMED

 
 
 
 Wendell Leon Hawkins, of Greer, for
 Appellants.
 Cynthia Buck Brown, of Greenville, for
 Respondent.
 
 
 

PER CURIAM: Appellants Harishyam and Seema Singh, and
 Branch Banking and Trust Co. of South Carolina, appeal the trial court's order confirming
 an arbitration award, including attorneys' fees, and granting Nova Home Inc.'s
 motion for summary judgment as to foreclosure on a mechanic's lien.  We affirm[1] pursuant to Rule 220(b),
 SCACR, and the following authorities: S.C. Code Ann. § 15-48-130 (2005)
 (providing statutory grounds for vacating an arbitration award); Gissel v.
 Hart, 382 S.C. 235, 241, 676 S.E.2d 320, 323 (2009) ("Generally, an
 arbitration award is conclusive and courts will refuse to review the merits of
 an award.  An award will be vacated only under narrow, limited
 circumstances.");  Lauro v. Visnapuu, 351 S.C. 507, 516, 570 S.E.2d
 551, 555-56 (Ct. App. 2002) (recognizing limited ability to review an
 arbitration award, and finding the decision of an arbitrator will be vacated
 only on statutory grounds, or on the non-statutory ground of manifest disregard
 or perverse misconstruction of the law); Harris v. Bennett, 332 S.C.
 238, 244, 503 S.E.2d 782, 786 (Ct. App. 1998) (finding the non-statutory ground
 of manifest disregard or perverse misconstruction of the law requires more than
 a mere error in construing or applying the law); id. at 246, 503 S.E.2d
 at 787 (finding no reversible error by the trial court in confirming the
 arbitration award because there was no showing the arbitrator appreciated the
 existence of a clearly governing legal principle and decided to ignore it).
AFFIRMED.
FEW, C.J.,
 SHORT and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.