**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**


Edward Giove and Lauri Giove,                    Respondents,

v.

Design to Build, Inc., Jonathan Short, Tracy Short, and David Gosnell,                    Defendants,

Of Whom David Gosnell is the                    Appellant.

———————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-360
Submitted June 1, 2012 – Filed June 13, 2012

———————

**AFFIRMED**

———————

David J. Parrish, of Charleston, for Appellant.

Alan R. Belcher, Jr., of Charleston, for Respondents.

**PER CURIAM:** David Gosnell appeals the circuit court's decision confirming an arbitration award, arguing the circuit court erred in refusing to modify or vacate the award. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: <u>C-Sculptures, LLC v. Brown</u>, 394 S.C. 519, 523, 716 S.E.2d 678, 680 (Ct. App. 2011) ("Generally, an arbitration award is conclusive and courts will refuse to review the merits of an award. An award will be vacated only under narrow, limited circumstances." (internal quotation marks omitted)); <u>Harris v. Bennett</u>, 332 S.C. 238, 243, 503 S.E.2d 782, 785 (Ct. App. 1998) ("[T]he decision of an [arbitrator] will be vacated only under certain grounds as provided by statute or upon the non-statutory ground of 'manifest disregard of the law.'"); <u>C-Sculptures</u>, 394 S.C. at 523, 716 S.E.2d at 680 ("An arbitrator manifestly disregards the law when he or she appreciates the existence of a clearly governing legal principle and decides to ignore it."); <u>Trident Technical Coll. v. Lucas & Stubbs, Ltd.</u>, 286 S.C. 98, 108, 333 S.E.2d 781, 787 (1985) ("[V]acat[ing] an arbitration award where there is a manifest disregard or perverse misconstruction of the law . . . requir[es] circumstances far more egregious than mere errors in interpreting or applying the law."); <u>Harris</u>, 332 S.C. at 243, 503 S.E.2d at 785 ("[A]rbitrators exceed their powers only if the issue resolved by them is not within the scope of the agreement to arbitrate.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.