**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Clarence B. Jenkins, Employee, Appellant,

v.

Amazon.Com DEDC, LLC, Employer, and American Zurich Ins. Co., Carrier, Respondents.

Appellate Case No. 2016-000598

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2020-UP-029
Submitted January 1, 2020 – Filed January 29, 2020

———————

**AFFIRMED**

———————

Clarence B. Jenkins Jr., of Neeses, pro se.

J. Russell Goudelock, II, of McAngus Goudelock & Courie, LLC, of Columbia, and Helen F. Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, both for Respondents.

———————

**PER CURIAM:** Clarence Jenkins (Claimant) appeals an order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Commission), arguing it erred in (1) failing to find Amazon.Com DEDC LLC (Employer) did not provide sufficient medical care because Claimant had not

reached maximum medical improvement (MMI), (2) prohibiting Claimant from introducing medical records under Regulation 67-611 of the South Carolina Code of Regulations (Supp. 2019), (3) in failing to admit medical records Employer had notice of, (4) failing to require a Form 14B, (5) failing to find Employer distorted medical records and committed fraud, (6) discussing Claimant's motion off the record in chambers, (7) failing to give an explanation for denying Claimant's motion, (8) denying Claimant's request for an explanation of why it denied his motion, (9) interpreting Regulation 67-612 of the South Carolina Code (2012), (10) failing to require Employer to complete his treating physician's deposition, and (11) finding the single commissioner's error regarding to Regulation 67-611 was harmless. We affirm.[1]

As to issue one, the Commission did not err in finding Claimant reached MMI and that his symptoms were not related to his work place injury. At the hearing before the single commissioner, substantial evidence was presented that Claimant's symptoms were not causally related to his workplace injury and that he reached MMI on October 23, 2013. *See Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 610 (Ct. App. 2004) ("The substantial evidence rule of the APA governs the standard of review in a Workers' Compensation decision."); *id.* at 289, 599 S.E.2d at 610-11 ("This [c]ourt's review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by some error of law."); *Etheredge v. Monsanto Co.*, 349 S.C. 451, 455-56, 562 S.E.2d 679, 681 (Ct. App. 2002) ("The appellate court is prohibited from overturning findings of fact of the Commission, unless there is no reasonable probability the facts could be as related by the witness upon whose testimony the finding was based.").

The Commission also did not err in denying Claimant's motion to admit medical records and in interpreting Regulation 67-612. Claimants must submit any written expert reports it wishes to admit at a workers' compensation hearing "to the opposing party . . . at least fifteen days before the scheduled hearing." Regs. 67-612. "Failure to provide reports and notices as required under this section may result in the exclusion of such reports from the evidence of the case." Regs. 67-612(E). Here, Claimant failed to provide his expert reports to Employer within fifteen days of the hearing. Claimant further asserts the Commission erred in finding any error related to Regulation 67-611 was harmless; however, the single commissioner did not err in its application of Regulation 67-611 regarding Claimant's medical records because Regulation 67-611 does not regulate medical

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

records; rather, it regulates pre-hearing briefs. *Compare* Regs. 67-611 (regulating the use of pre-hearing briefs in workers' compensation cases), *with* Regs. 67-612 (establishing requirements for the admission of expert reports in workers' compensation cases). Accordingly, issues two, three, nine, and eleven are without merit.

Issues four, five, and six are not preserved for this court's review. *See Harris v. Bennett*, 332 S.C. 238, 245, 503 S.E.2d 782, 786 (Ct. App. 1998) ("As a general rule, an issue may not be raised for the first time on appeal, but must have been raised to and ruled upon by the court below to be preserved for appellate review.").

As to issues seven and eight, Claimant's arguments fail because the Commission gave a reason during the hearing for denying Claimant's motion to admit medical records. *Cf. McKissick v. J.F. Cleckley & Co.*, 325 S.C. 327, 350, 479 S.E.2d 67, 79 (Ct. App. 1996) (explaining a party cannot complain on appeal when he or she receives the relief requested at trial).

As to issue ten, the Commission did not err in failing to require Employer take the deposition of Claimant's treating physician. Employer chose not take the deposition six months before the hearing. Therefore, Claimant had adequate notice the deposition did not take place and sufficient time to depose his physician or call him as a witness after Employer declined to take the deposition. *See Goodson v. Am. Bankers Ins. Co. of Fla.*, 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct. App. 1988) ("[A] party has a duty to monitor the progress of his case. Lack of familiarity with legal proceedings is unacceptable and the court will not hold a layman to any lesser standard than is applied to an attorney."); Rule 30(a)(1), SCRCP ("After commencement of an action *any* party may take the testimony of any person . . . by deposition upon oral examination." (emphasis added)).

**AFFIRMED.**

**THOMAS, GEATHERS, and HEWITT, JJ., concur.**